```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**WANDA MCCOY, et al.,**

    **Plaintiffs,**

**v.**                                    **CIVIL ACTION NO. 1:09-1271**

**SOUTHERN ENERGY HOMES, INC.,**

    **Defendants.**


**MEMORANDUM OPINION AND ORDER**

Pending before the court is the motion to dismiss filed by defendant The Bank of New York Mellon Corporation ("BNY"). For reasons expressed more fully below, that motion is GRANTED in part and DENIED in part.

## I.  Background

Plaintiffs Wanda McCoy ("McCoy"), Christopher Justice, and Melinda Justice (collectively, "Plaintiffs") filed this action on October 1, 2009, asserting numerous claims relating to their purchase of a manufactured home from Defendant J.E.B. Quality Homes, Inc. ("J.E.B.") on October 15, 1997. McCoy is the mother of Plaintiff Melinda Justice, who is married to Plaintiff Christopher Justice. The home was manufactured by Defendant Southern Energy Homes, Inc. ("Southern Energy"). Bank of New York

is named in this lawsuit as the assignee of the underlying financing contract.[1]

According to Plaintiffs, after the Justices occupied the home for eleven years, they began to notice "water infiltration and mold accumulation." First Amended Complaint at ¶ 19. Plaintiffs claim that a defectively designed and/or installed roofing system caused this water infiltration and mold accumulation. See id. at ¶ 20. Plaintiffs further contend that the sales contract and loan documents prepared in connection with the purchase of the home were incorrect because they omitted the Justices and reflect that Wanda McCoy and her husband were the only purchasers of the home.

Based on the foregoing, plaintiffs filed the instant lawsuit asserting claims for rescission and cancellation (Counts One and Two), breach of warranty (Counts Three, Four, and Five), breach of contract/breach of the implied duty of good faith and fair dealing (Count Six), unfair and deceptive trade practices (Count Seven), unconscionability (Count Eight), fraud (Count Nine), negligence (Count Ten), and strict product liability (Count Eleven) against defendants J.E.B., BNY, and Southern Energy[2].

---

[1] According to the Complaint, JEB is defunct and dissolved. First Amended Complaint at ¶ 8.

[2] Plaintiffs accepted Southern Energy's offer of judgment, pursuant to Federal Rule of Civil Procedure 68. On September 1, 2011, the Clerk entered judgment against Southern Energy in the amount of $20,000.00.

BNY filed the instant motion to dismiss, arguing that the Complaint should be dismissed in its entirety.  First, BNY contends that, because the Justices did not sign the loan documents, they lack standing to bring the First, Second, Sixth, Seventh, Eighth, and Ninth Claims.  BNY also contends that plaintiffs' claims under the Uniform Commercial Code ("UCC") are barred by West Virginia's four-year statute of limitations.  Next, BNY argues that the claim for breach of the implied duty of good faith and fair dealing should be dismissed because West Virginia does not recognize such a stand-alone claim.  BNY's fourth argument is that, because plaintiffs failed to follow the statutory prerequisites for bringing a claim under the West Virginia Consumer Credit and Protection Act ("WVCCPA"), those claims must be dismissed.  BNY also argues that plaintiffs' unconscionability and fraud and misrepresentation claims were inadequately pled and should be dismissed.  Finally, BNY moved to dismiss plaintiffs' negligence and strict liability claims.  However, in their Memorandum in Response to BNY's Motion for Summary Judgment, filed on August 26, 2011, plaintiffs informed the court that their negligence and strict liability claims were withdrawn.  Accordingly, Counts Ten and Eleven are DISMISSED.

## II.  Standard of Review

"[A] motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty

that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) (citation omitted) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957), and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Ibarra v. United States, 120 F.3d 474, 474 (4th Cir. 1997).

### III. Analysis

A.  *Standing of Justices*

BNY contends that the Justices do not have standing to bring the First, Second, Sixth, Seventh, Eighth, and Ninth Claims in the Complaint because they are not signatories to the loan agreement. In their response brief, plaintiffs offered a number of exhibits which, according to them, support their argument that the Justices have standing to assert the claims asserted herein. BNY moved to strike the aforementioned exhibits arguing that they are "inadmissible and present an improper attempt by Plaintiffs to amend their First Amended Complaint through their Response brief." (Doc. # 32 at p.4).

Taking the allegations in the amended complaint as true, as it must for purposes of this motion, the court finds that dismissal for failure to state a claim as to the standing issue is inappropriate at this juncture. Therefore, the motion to dismiss the Justices for lack of standing is DENIED without prejudice. However, BNY has renewed its argument regarding standing in its pending motion for summary judgment. Therefore, at such time as the court rules on the summary judgment motion, if necessary, the court will reconsider the issue of the Justices' standing. When it does it will consider the exhibits offered by plaintiffs and, therefore, the Motion to Strike (doc. # 31) is DENIED.

B.   *UCC Statute of Limitations*

BNY next argues that all plaintiffs' UCC claims are barred by the statute of limitations. The manufactured home at issue in this litigation was purchased on October 15, 1997, and this lawsuit was filed almost twelve years later.

The statute of limitations applicable to claims brought pursuant to the UCC is four years. That section provides:

> (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
>
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty

> explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

W. Va. Code § 46-2-725.

1. <u>Breach of Contract</u>

Plaintiffs concede that the manufactured home was purchased on October 15, 1997. Thus, their UCC breach of contract claim accrued on October 15, 1997. Given operation of the four-year statute of limitations, the claim was barred as of October 15, 2001, and Count Four is DISMISSED.

2. <u>Breach of Express Warranty</u>

Breach of warranty claims are also subject to the four-year statute of limitations and, in general, "[a] breach of warranty occurs when tender of delivery is made." W. Va. Code § 46-2-725(2). There is, however, a future performance exception to the statute of limitations that provides "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered." <u>Id.</u>

In their later filings, plaintiffs seek to avail themselves of the future performance exception by contending that Melinda Justice was informed the roof had a 50-year warranty. Accordingly, the court declines to dismiss the breach of express

6

warranty claim at this time but will reconsider BNY's argument in the context of its summary judgment motion.

3. Breach of Implied Warranty of Merchantability

Significantly, claims for breach of implied warranties cannot benefit from § 46-2-725(2)'s future performance exception to the four year statute of limitations. Rawls v. Associated Materials, LLC, 2011 WL 3297622 (S.D.W. Va. 2011); see also Western Recreational Vehicles v. Swift Adhesives, 23 F.3d 1547, 1550-51 (9th Cir. 1994) (noting that no implied warranty can meet the requirements of the future performance exception); Atl. Health Sys. v. Cummins Inc., No. 08-3192, 2010 U.S. Dist. LEXIS 133745, at *14, 2010 WL 5252018 (D.N.J. 2010) ("Implied warranties, by their very nature, cannot extend to future performance because such an extension must be explicit and an implied warranty cannot explicitly state anything."); Woods v. Maytag Co., No. 10-cv-559, 2010 U.S. Dist. LEXIS 116595, at *6-7, 2010 WL 4314313 (E.D.N.Y. 2010) (holding that § 2-725(2)'s future performance exception "does not apply to the Plaintiff's causes of action for breach of the implied warranty of fitness and the implied warranty of merchantability" because neither are express warranties, as required for the exception to apply); Shaw v. Brown & Williamson, 973 F. Supp. 539, 550 (D. Md. 1997) ("[A]ctions for breach of an implied warranty cannot extend to future performance since such an extension must be explicit.");

Fritchie v. Alumax Inc., 931 F.Supp. 662, 672 (D. Neb. 1996) ("implied warranties do not trigger the UCC § 2-725(2) exception"); Providence & W.R. Co. v. Sargent & Greenleaf, Inc., 802 F.Supp. 680, 689 (D.R.I. 1992) ("By definition, implied warranties cannot explicitly extend to the future."). Therefore, the breach of implied warranty of merchantability claim is time-barred by the four-year statute of limitations and subject to dismissal.

    4.   Breach of Implied Warranty of Fitness

Like the claim for breach of the implied warranty of merchantability, this claim is barred by the four-year statute of limitations. Accordingly, BNY's motion to dismiss Count Five is GRANTED.

C.  *Good Faith and Fair Dealing*

BNY also argues that plaintiffs' claim for breach of the implied duty of good faith and fair dealing under the UCC should be dismissed because West Virginia does not recognize it as a cause of action. Plaintiffs counter that it was not pled as a stand-alone claim.

The implied covenant of good faith and fair dealing does not provide an independent cause of action under West Virginia law that is separate and apart from a breach of contract claim. Stand Energy Corp. v. Columbia Gas Transmission Corp.,

8

373 F.Supp.2d 631 (S.D.W. Va. 2005). Accordingly, plaintiffs' claim is subsumed within their breach of contract claim under the UCC and, as discussed above, is barred by the four-year statute of limitations found in the UCC.

D.   *Failure to Follow WVCCPA Prerequisites*

BNY contends that plaintiffs failed to follow the statutory prerequisites for bringing a claim under the unfair and deceptive acts provisions of the WVCCPA and that their failure to do so mandates dismissal of this claim.  Given that plaintiffs are not required to allege satisfaction of statutory prerequisites in their complaint, it is inappropriate to find that they have failed to state a claim for their failure to do so.  The court will, however, reconsider BNY's argument in this regard when it takes up the motion for summary judgment.

E.   *Sufficiency of the Fraud and Unconscionability Claims*

BNY contends Counts Eight and Nine, asserting claims for unconscionability and fraud and misrepresentation should be dismissed for failure to adequately allege the elements of those claims.  The court finds that the claims are sufficiently pled to withstand a motion to dismiss and the motion to dismiss Counts Eight and Nine is denied.

IV.   Conclusion

Based on the foregoing, BNY's motion to dismiss Counts Four, Five, and Six of the First Amended Complaint is **GRANTED**. Counts Ten and Eleven are also **DISMISSED**. The motion to dismiss is **DENIED** in all other respects. The motion to strike is also **DENIED**.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 28th day of September, 2011.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge